This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-40338

**BOBACK SABEERIN, et al.,**

Plaintiffs-Appellants,

v.

**ALBUQUERQUE POLICE DEPARTMENT; DETECTIVE TIM FASSLER, in his individual capacity; DETECTIVE JOHN DEAR, in his individual capacity; and CITY OF ALBUQUERQUE,**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF VALENCIA COUNTY**
**James L. Sanchez, District Court Judge**

Boback Sabeerin
Los Lunas, NM

Pro Se Appellants

Kristin J. Dalton
Albuquerque, NM
for Appellees

### MEMORANDUM OPINION

**IVES, Judge**

{1}     Plaintiffs appeal the district court's order dismissing this case without prejudice for improper venue. In this Court's notice of proposed disposition, we proposed to summarily affirm. Plaintiffs filed a memorandum in opposition, which we have duly considered. Remaining unpersuaded, we affirm.

**{2}** In the memorandum in opposition, Plaintiffs maintain that the district court was incorrect in dismissing this complaint for lack of proper venue, particularly in light of the federal district court order remanding this case to the Thirteenth Judicial District Court following the dismissal of the federal claims. [MIO PDF 5] Plaintiffs' memorandum in opposition appears to reiterate the same points made in this docketing statement without addressing the specific analysis responding to the arguments contained in this Court's notice of proposed disposition. As such, Plaintiffs have failed to assert any new facts, law, or argument that persuade this Court that our notice of proposed disposition was erroneous. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact," and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. We therefore refer Plaintiffs to our analysis therein.

**{3}** Accordingly, for the reasons stated in our notice of proposed disposition and herein, we affirm.

**{4}** **IT IS SO ORDERED.**

**ZACHARY A. IVES, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**KRISTINA BOGARDUS, Judge**